```
         IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

MARIA L. HERRERA McCONNELL                                 Plaintiff

v.                              4:07CV01215 HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                   Defendant

## MEMORANDUM AND ORDER

Plaintiff, Maria L. Herrera McConnell, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  <u>Sultan v. Barnhart</u>, 368 F.3d 857, 863 (8th Cir. 2004); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by pain in her hands, wrists and hip, carpal tunnel syndrome and mental problems.  (Tr. 126-27)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time

---

[1] The Hon. Edward M. Starr.

2

through May 7, 2007, the date of his decision.  (Tr. 23)  On October 31, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed her complaint initiating this appeal.  (Docket #1)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 56 years old at the time of the hearing.  (Tr. 302)  She is a high school graduate.  (Tr. 131, 302)  She has past relevant work as a personal care attendant, child care monitor and poultry dresser.  (Tr. 22, 72-78, 80-88, 116-18, 127-28)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i) (2006).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at § 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at § 416.920(c).

Step 3 involves a determination of whether the severe

impairment(s) meets or equals a listed impairment. Id., § 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 15) He found that Plaintiff had "severe" impairments, mild scoliosis in her lumbar spine, degenerative changes in her hips, degenerative joint disease in her left shoulder, obesity, schizoaffective disorder, bipolar type and/or major depressive disorder with a history of psychotic features. (Tr. 15) He also found that her carpal tunnel syndrome was not a "severe" impairment. (Tr. 17) He found that she did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were not

entirely credible.  (Tr. 19)

The ALJ found that Plaintiff retained the residual functional capacity to perform light work activity, further limited by frequently fingering and grasping, but only occasionally reaching above shoulder level; where interpersonal contact was incidental to the work performed; the complexity of tasks performed was learned and performed by rote with few variables; where little judgment was required; where supervision was simple, direct and concrete.  (Tr. 17-18)  Based on the written responses by a vocational expert witness to interrogatories, the ALJ found that Plaintiff could return to her past relevant work as a poultry dresser as actually and generally performed.[2]  (Tr. 22)  Consequently, the ALJ concluded that Plaintiff was not disabled.  (Tr. 23)

Plaintiff argues that the ALJ failed to fully and fairly develop the record by failing to obtain treatment records from two treating physicians.  (Br. 13-14)  Phillip B. Tippin, M.D., wrote a To Whom It May Concern letter on Plaintiff's behalf June 3, 2004.  In pertinent part, it read, "Mrs. McConnell is unable to sustain gainful employment at this time due to continuous wrist and thumb pain.  Patient also suffers from depression."  (Tr. 186)  On April 25, 2007, William L. Berry checked a box on a "Physical Exertions Limitations Form" indicating that Plaintiff was able to perform "no work at all."

---

[2]The vocational expert also offered his opinion that she could return to her other past relevant work as a personal care attendant and as a child care monitor.  (Tr. 147)

(Tr. 295)  He added "also mentally unable to [unreadable]."  Id.

The ALJ noted Dr. Tippin's opinion, but also pointed out that there were no other medical records from Dr. Tippin, no indication that he had examined[3] her and no indication that the alleged limitations were based on clinical and laboratory abnormalities as opposed to her report of symptoms.  (Tr. 15, 22)  He also observed that the limitations were contradicted by Plaintiff's descriptions of her abilities.  (Tr. 16-17)  See Besler v. Sullivan, 963 F.2d 176, 178 (8th Cir. 1992)(doctor's report discounted because it was inconsistent with claimant's testimony).

The ALJ also considered the opinion of Dr. Berry, but observed that there was no indication that he had seen her since April 19, 2004, at which time she was experiencing significant mental symptoms, but had since improved dramatically with medication.  (Tr. 22)  In relation to both opinions, the ALJ noted that opinions that Plaintiff could not be gainfully employed were not medical opinions, but opinions on the application of a statute, a task assigned solely to the discretion of the Commissioner.  Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002); Flynn v. Chater, 107 F.3d 617, 622 (8th Cir. 1997).

> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or

---

[3]The Court notes that, on a form dated April 4, 2006 (Tr. 132), Plaintiff did not list Dr. Tippin among those who might have medical records or other information about her illnesses, injuries or conditions (Tr. 129-30).

6

>make similar statements of opinions. In addition, they
>sometimes offer opinions in other work-related terms; for
>example, about an individual's ability to do past relevant
>work or any other type of work. Because these are
>administrative findings that may determine whether an
>individual is disabled, they are reserved to the
>Commissioner. Such opinions on these issues must not be
>disregarded. However, even when offered by a treating
>source, they can never be entitled to controlling weight or
>given special significance.

SSR 96-5p, at 5.

An ALJ may discount a doctor's opinion because it lacked clinical notes or tests that would support that conclusion. That is a recognized basis for discounting a doctor's opinion. See Krogmeier v. Barnhart, 294 F.3d at 1023 (treating physician's opinion not entitled to substantial weight unless well supported by medically acceptable clinical and laboratory diagnostic techniques, and consistent with other substantial evidence).

Plaintiff bears a heavy burden in showing the record has been inadequately developed; she must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. Combs v. Astrue, 243 Fed.Appx. 200, 204 (8th Cir. 2007); Robinson v. Astrue, 2008 WL 312034 (E.D. Ark.).  It is of some relevance that Plaintiff's attorney did not obtain, or, as evidenced by the record, even try to obtain, the items of evidence which Plaintiff now complains are not in the record. Instate v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993).  That would seem especially so since Plaintiff's attorney did obtain other items from these doctors. Plaintiff had the burden of proving her disability, 20 C.F.R.

§ 416.912(a) (2006), and thus bore the responsibility of presenting the strongest case possible. Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991).

Next, Plaintiff argues that the ALJ erred by not finding that her hand/wrist impairment was "severe" and that he should have added such limitation to his hypothetical questions. (Br. 15-19) Plaintiff places undue emphasis on the distinction between impairments that are "severe" and those that are not. Once a claimant gets past the Step 2 threshold of having a "severe" impairment, the ALJ considers all impairments, including those that are less than "severe," in determining the claimant's residual functional capacity. 20 C.F.R. § 416.945(e) (2006); Social Security Ruling 96-8p, at 5. The ALJ cited and utilized the correct standard for determining whether Plaintiff's hand/wrist impairment was "severe." (Tr. 16-17)

Plaintiff had the burden of proving that her hand/wrist impairment was "severe." Kirby v. Astrue, 500 F.3d 705, 707-08 (8th Cir. 2007). Plaintiff did not meet that burden. Severity is not an onerous requirement for the claimant to meet, see Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard. Kirby, 500 F.3d at 708.

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c)

(2006). It has "more than a minimal effect on the claimant's ability to work." <u>Hudson v. Bowen</u>, 870 F.2d at 1396; <u>accord</u>, <u>Kirby v. Astrue</u>, 500 F.3d at 707; <u>Page v. Astrue</u>, 484 F.3d 1040, 1043 (8th Cir. 2007). Since Plaintiff's hand/wrist impairment was not "severe," it was not necessary to include it in the hypothetical questions.

After the hearing, the ALJ propounded interrogatories to the vocational expert. (Tr. 141-44) After receiving the vocational expert's responses, he wrote to Plaintiff's attorney, informing her of a number of actions she could take, including submitting written comments, additional records or questions for the vocational expert or requesting a supplemental hearing. (Tr. 149) She was given ten days to respond. <u>Id.</u> She did not do so. (Tr. 23) Plaintiff's attorney effectively waived any objection to the interrogatories or the responses thereto by not challenging them when presented with the opportunity to do so. <u>See</u> <u>Coffin v. Sullivan</u>, 895 F.2d 1206, 1212 (8th Cir. 1990)(if claimant's attorney fails to object to post-hearing reports or remains silent when opportunity to cross-examine arises, right to cross-examine waived). Obviously, that is the proper time to raise any objection.

> [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. Moreover, claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the

administrative hearing.

Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000).

Finally, Plaintiff contends that substantial evidence does not support the ALJ's residual functional capacity determination. (Br. 19-25) The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of her limitations. Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

Plaintiff underwent a general physical examination in February of 2005. (Tr. 224-29) Plaintiff had a full range of motion in the spine and all extremities except her left shoulder. (Tr. 227) She was neurologically intact; there was no evidence of muscle weakness or atrophy, and no sensory abnormalities were noted. (Tr. 228) Gait and coordination were normal. Id. She had good ability to hold a pen and write, touch fingertips to palms, grip, oppose thumb to fingers, pick up a coin, stand and walk without assistive device, walk on heels and toes and squat and arise from a squatting position. Id. Circulation was normal. (Tr. 229) There was no evidence of serious mood disorder or psychosis; she was oriented to time, person and place. Id. He did not indicate any limitation on her ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak. Id. Thus, there was some medical evidence to support the ALJ's residual functional capacity finding. Dykes v. Apfel, 223 F.3d 865,

867 (8th Cir. 2000).

Plaintiff's argument seeks to place the burden of proof on the Commissioner.  It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity.  Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on

11

legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this    26    day of January, 2009.


_____
UNITED STATES MAGISTRATE JUDGE